IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM ZULESKI,
Individually and as Representative of a
Proposed Class on Behalf of Himself
and Others Similarly Situated,

        Plaintiff,

v.              CIVIL ACTION NO. 2:05-0490

HARTFORD ACCIDENT AND INDEMNITY CO.,
HARTFORD CASUALTY INSURANCE CO.,
HARTFORD FIRE INSURANCE CO.,
TWIN CITY FIRE INSURANCE CO., and
FIRST STATE INSURANCE CO.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending is the motion of the plaintiff William Zuleski to remand this action to the Circuit Court of Kanawha County. For the following reasons, the motion is **GRANTED**.

**Background**

  The plaintiffs, who previously resolved claims for personal injury resulting from exposure to asbestos, filed this action in the Circuit Court of Kanawha County on February 17, 2005, alleging that the defendants engaged in unfair claim settlement practices in relation to those claims. The defendants timely removed the action to this Court on June 15, 2005, citing as grounds for removal the Class Action Fairness Act, Pub.L. 109-2, 119 Stat. 4 (2005), which extends jurisdiction of the federal courts to certain class actions. In addition, the defendants contend that removal would be

proper under pre-CAFA diversity jurisdiction because the plaintiff William Zuleski was fraudulently joined for the purpose of defeating that jurisdiction. The defendants seek to remand the action, arguing that CAFA does not apply and diversity is lacking.[1]

## **Standard of Review**

Any action over which the district courts have original jurisdiction that is filed in state court can be removed to federal court. *See* 28 U.S.C. § 1441. The removal statutes dictate that whenever the district court determines that it lacks subject matter jurisdiction to hear a claim, however, the court must remand the case to state court. *See* 28 U.S.C. § 1447.

The "complete diversity" rule gives federal courts diversity jurisdiction only where no party shares common citizenship with any party on the other side. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Under the "fraudulent joinder" doctrine, however, a district court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999).

Removal statues are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where, as here, the removing party relies on a claim of fraudulent joinder to establish federal jurisdiction, the burden is particularly heavy. In

---

[1] The plaintiffs have requested oral argument. The Court, however, concludes that the facts and legal contentions are adequately presented in the materials filed and that argument would not aid in its decision.

meeting its burden with respect to demonstrating fraudulent joinder of defendants, the diverse "defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintif"'s favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir.1993). The defendant must show not just that the claim will not succeed, but that no possibility of a right to relief has been asserted. *Id*. at 233. The Fourth Circuit has held that "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir.1992). In determining whether joinder is fraudulent, a court is "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

## Analysis

**Application of CAFA**

The Class Action Fairness Act allows defendants to remove certain class actions to federal court. Section 9 of the act restricts its applicability to actions "commenced on or after the date of enactment of this Act." The date of enactment was February 18, 2005. The plaintiffs contend that the act does not apply to this action because they filed suit in state court on February 17, 2005. The defendants, however, contend that in this context an action should be considered to have "commenced" on the date of removal rather on the date of filing.

In support of their argument, the defendants point to district court cases identifying the date

of removal as the appropriate time for determining if an action meets the amount in controversy requirement for federal jurisdiction. *Lorraine Motors, Inc. v. Aetna Cas & Sur. Co.*, 166 F.Supp. 319 (E.D.N.Y. 1958); *Hunt v. Transport Indem. Ins. Co.*, 1990 WL 192483 (D.Haw. 1990)(unpublished); *Richard Schilffarth & Associates, Ltd. v. Commonwealth Equity Services, Inc.*, 715 F.Supp. 246 (E.D.Wis. 1989). The defendants urge the Court to follow the reasoning of those cases and find that an action is commenced for the purposes of CAFA on the date of timely removal.

Although the Fourth Circuit has not ruled on this issue in the few months since CAFA was enacted, every court that has addressed it has concluded that "commenced" means the date an action was filed. These courts include several federal district courts as well as the Tenth, Seventh, and Ninth Circuits. The Tenth Circuit was the first appellate court to reach that conclusion, in *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (2005).[2] The defendants argue that the holding in *Pritchett* is limited to the facts of that case, where the action had been pending in state court for two years, and should not apply here, where the action was filed in state court just a day before CAFA's enactment and was timely removed. The court in *Pritchett* stated its conclusion simply: "removal to federal court does not 'commence' an action for the purposes of the Class Action Fairness Act of 2005." *Id*. at 1097. Nothing in that straightforward language suggests that the court intended the rule to apply only to cases that had been pending longer than a day, or where removal was not timely. Nor have any decisions following the *Pritchett* holding limited their holdings to only certain kinds of cases filed in state court before CAFA's enactment.

---

[2] The actual *Pritchett* decision cited by the defendants was *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005). That case has been superseded and amended to provide further explanation and support of the holding. The additions are immaterial to this case; however, the Court will reference the most recent case.

The Seventh Circuit has issued three opinions addressing this issue. In the third, recently decided, it cited its prior opinions in *Knudsen v. Liberty Mutual Insurance Co.,* 411 F.3d 805 (7th Cir. 2005) and *Pfizer, Inc. v. Lott*, 417 F.3d 725 (7th Cir. 2005) and emphasized their holding: "creative lawyering will not be allowed to smudge the line drawn by the 2005 Act: class actions 'commenced' in state court on or before February 18, 2005, remain in state court." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005). The Seventh Circuit's *Pfizer* decision involved a case with facts nearly identical to the case before this Court. The plaintiffs filed an action in an Illinois state court the day before CAFA was enacted, and the defendants timely removed the case to federal court. The court rejected the defendants' efforts to create a rule that would essentially rewrite the statute to apply to cases "removed after the date of enactment but within 30 days of the original filing," 417 F.3d at 727, an effort similar to the defendants' request here. Instead, the court determined that *Pritchett* and *Knudsen* should govern, even under significantly different factual circumstances. *Id*. at 726-727; *see also*, *Bush v. Cheaptickets*, No. 05-55995 (9th Cir. Oct. 6, 2005)(action "commenced" in state court when filed one day before CAFA enacted).

Although the defendants correctly state that the decisions addressing the CAFA deadline are not controlling in this district, the Court finds their reasoning persuasive and finds no reason to dispute their unanimous view that under CAFA, an action is "commenced" when it is filed in state court. Accordingly, CAFA does not apply to this action and cannot serve as a basis for removal.

**Fraudulent joinder**

The defendants contend that even if CAFA does not apply, this Court still may maintain

-5-

jurisdiction over this case because the plaintiff William Zuleski was fraudulently joined for the purposes of defeating diversity jurisdiction. They argue that Mr. Zuleski cannot bring a claim under the West Virginia Unfair Trade Practices Act, W. Va.Code § 33-11-1 *et seq*, and, alternatively, that joinder of his claim is improper under West Virginia Rule of Civil Procedure 20(a). They urge the Court to conclude that Mr. Zuleski's claim must fail under either standard.

  As an initial matter, the defendants challenge the sufficiency of the plaintiff's pleading, alleging that the heightened requirements of Federal Rule of Civil Procedure 9(b) apply to the plaintiffs' claim under the Unfair Trade Practices Act. They do not cite, and this Court has not found, any case indicating that the requirements of Rule 9(b) apply to the Unfair Trade Practices Act. Rather, the defendants point to district court decisions in other circuits relating to other states' statutes. Those decisions are not applicable here. The complaint specifically alleges violations of § 33-11-9, which prohibits unfair claim settlement practices. Each of the subsections of § 33-11-9 outlines an act considered to be an unfair claim settlement practice. Although one of those acts includes misrepresentation, the complaint, in paragraph 44(a), identifies the particular misrepresentations alleged. The rest of paragraph 44 identifies other actions alleged to violate the act, including failure to adopt reasonable claim investigation standards and failing to conduct good faith settlement of claims. The fact that a claim includes an element of misrepresentation does not necessarily convert it to a fraud claim subject to the pleading requirements of Rule 9(b). Further, the complaint complies with the general pleading requirements under Rule 8(a). Considering this, and the fact that the complaint's allegations put the defendants on notice of the claims they will be required to address, the Court finds no reason to dismiss the complaint on Rule 9(b) grounds.

  The defendants next contend that Mr. Zuleski has no cause of action because Connecticut

law governs his claim and he is therefore not entitled to bring a claim under the Unfair Trade Practices Act. The defendants reach this conclusion because Mr. Zuleski is a Connecticut resident and the defendants are incorporated or headquartered in Connecticut. As such, they argue, the location of the injury was in Connecticut and any claims against the defendants would have been handled in Connecticut or elsewhere outside of West Virginia.

The defendants rely heavily on *Yost v. Travelers Ins. Co.*, 181 F.3d 95 (4th Cir. 1999), which as an unpublished decision is not binding precedent. Although disfavored, citation of unpublished decisions is allowed if counsel believes that the case "has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well." U.S. Ct. of App. 4th Cir. Rule 36(c). The plaintiffs in *Yost* were residents of Ohio who sued the Pennsylvania owner of an automobile after an accident in West Virginia. They also sued Travelers, a Connecticut insurance corporation, alleging violations of the West Virginia Unfair Trade Practices Act. Travelers handled the claim from an office in Pennsylvania. The Fourth Circuit found that Pennsylvania had the strongest ties to the case and therefore that Pennsylvania insurance laws applied.

Given the stringent standards that apply to removal and remand, the Court cannot conclude that *Yost* forecloses any possibility of recovery by the plaintiff, as required to find fraudulent joinder. The defendants do business in West Virginia, and Mr. Zuleski worked, was exposed to asbestos and filed personal injury claims in the state. It is the resolution of those claims that gave rise to the alleged violations of the Unfair Trade Practices Act. In addition, the plaintiffs allege that the defendants conspired to violate the Act in the settlement of the claims of Mr. Zuleski and other plaintiffs. Those circumstances make this case analogous to *Wise v. Travelers Indem. Co.*, 192 F.Supp.2d 506 (N.D.W.Va. 2002), which concluded that *Yost* did not control and declined to find

fraudulent joinder. *Wise* involved the same sort of underlying injury and allegations of violations of the Unfair Trade Practices Act by out-of-state plaintiffs. One factor that led the *Wise* court to find that the defendants failed to meet the substantial burden for establishing fraudulent joinder was that the out-of-state plaintiffs claimed to be West Virginia residents at the time of the alleged bad faith, or that they "were exposed to asbestos in West Virginia for which subsequent claims were adjusted in West Virginia by the defendant insurance companies' local counsel." *Id*. at 512. The defendants seek to distinguish *Wise* by arguing that the plaintiff here has not established that the plaintiff's claims were adjusted in West Virginia. But the burden is on the defendants to negate all possibility that the plaintiff could recover on his claim rather than on the plaintiff to show that he might succeed. *Hartley*, 187 F.3d at 425. The defendants have failed to meet that substantial burden here. In addition, this case does not simply involve the adjustment of an insurance claim. The plaintiff here was involved in litigation in West Virginia in an effort to recover for injuries suffered in West Virginia. Plaintiff claims he was employed here for many years and exposed to asbestos during his employment. These facts further distinguish the case from *Yost*, where the plaintiffs' only tie to West Virginia was a single accidental event that occurred as they were passing through the state. It is far more reasonable for the plaintiff here to continue to expect that the laws of West Virginia, on which he relied in the underlying actions, would continue to protect his interests now.

Finally, the defendants allege that joinder of Mr. Zuleski's claim is improper under West Virginia Rule of Civil Procedure 20(a). The West Virginia rule regarding permissive joinder is substantially similar to the federal rule. *See Anderson v. McDonald*, 289 S.E.2d 729, 733 (W. Va. 1982) (relying on federal case law in interpreting Rule 20). Therefore, this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West

Virginia. Under Federal Rule of Civil Procedure 20(a),

> [M]isjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact. Rule 20(a) permits the broadest possible scope of action consistent with fairness to the parties [and] joinder of claims, parties and remedies is strongly encouraged. . . . [T]he transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.

*Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W. Va. 1993) (citations omitted); *see also Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) ("Further, the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."). Joinder under the rule is only appropriate when both specific requisites are met: the claims must arise out of the same transaction, series of transactions, or occurrence, and some question of law or fact common to all parties must be present. *Wright, Miller, & Kane, 7 Federal Practice & Procedure* § 1653.

This Court recently addressed this issue in *Grennell v. Western Southern Life Ins. Co.*, 298 F.Supp.2d 390 (S.D.W.Va. 2004), on which the defendants rely in support of their argument that Mr. Zuleski's claim was improperly joined. In *Grennell*, the Court found that joinder was improper where the claims involved some 1,800 separate insurance policy sales where individual defendants were responsible for distinct misrepresentations to each plaintiff. The Court specifically noted that joinder may have been proper if the claims involved common misrepresentations made directly by the insurance company. *Id.* at 398. Here, the complaint alleges that the plaintiffs were injured as a result of the common strategies and tactics adopted by the defendants, including evasive and deceptive settlement practices that involved common misrepresentations about the defendants' knowledge of the hazards of asbestos. Perhaps most important, the plaintiffs also allege that, in

addition to employing common strategies, the defendants conspired to control, participate in or otherwise coordinate the resolution of claims for people other than their own insureds. Two causes of action allege conspiracy and action in concert to violate the Unfair Trade Practices Act. These allegations of common scheme, which involve common questions of law and fact, meet the requirements of Rule 20(a).

## **Conclusion**

For the foregoing reasons, the Court **GRANTS** the plaintiff's motion and **REMANDS** this case to the Circuit Court of Kanawha County. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 24, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE